IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| SIGMA SYSTEMS, INC., | § | Case No. 07-42092 |
| | § | (Chapter 7 |
| Debtor. | § | |
| _____ | § | |
| | § | |
| CHRISTOPHER J. MOSER, TRUSTEE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Adv. Proc. No. 09-4126 |
| | § | |
| AYESHA DADYBURJOR, ET AL., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

This adversary proceeding involves a civil Racketeer Influenced and Corrupt Organizations Act ("RICO") claim by the Plaintiff, Christopher J. Moser.  The matter is before the Court on the Motion to Dismiss Pursuant to Rule 12(b)(6) and Rule 9(b) filed by Ashish Khullar ("Bobby"), Sigma East, Inc. ("Sigma East"), Sigma Surveillance, Inc. ("Surveillance") and O.M. Khullar (collectively, the "Defendants").  The Court heard the dismissal motion on November 3, 2009.  At the conclusion of the hearing, the Court took the matter under advisement.

**I. RELEVANT PROCEDURAL HISTORY**

Sigma Systems, Inc. (the "Debtor") filed a bankruptcy petition on September 13, 2007.  According to its schedules, the Debtor had no real property, no secured creditors, no priority creditors, no executory contracts, and no co-debtors.  The Debtor listed $250 in personal property in its amended Schedule B and $917,152.99 in unsecured debt in its

1

amended Schedule F. The Debtor disclosed numerous pre-petition transfers to the Defendants in its Statement of Financial Affairs.

The Plaintiff, who is the Chapter 7 trustee of the Debtor's bankruptcy estate, initiated this action against the Defendants on August 28, 2009. The Plaintiff complains that, in the years prior to bankruptcy, the Defendants engaged in a scheme whereby the Defendants and at least one non-defendant transferred more than $5,000,000 from the Debtor to themselves. In addition to myriad state law causes of action, Plaintiff claims that the Defendants engaged in bankruptcy fraud, 18 U.S.C. § 152(7), and that the Defendants engaged in a pattern of racketeering activity, 18 U.S.C. § 1962(c) and (d). The Plaintiff seeks to recover treble damages ($15,000,000) plus his attorneys' fees from the Defendants, jointly and severally.

The Defendants have answered the Plaintiff's complaint. In their answer, they assert the affirmative defenses of laches and limitations. The Defendants also assert that this is not a core proceeding over which this Court has exclusive jurisdiction. The Defendants request that the Court dismiss this proceeding, because they do not consent to this Court's jurisdiction or to a jury trial before this Court.

## II. JURISDICTION

Section 157 of title 28 provides that "[e]ach district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." Pursuant to the "Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc" entered on August 6, 1984, the United States District Court for the Eastern District of Texas has provided that all cases under title 11 or proceedings arising under title 11 or

arising in or related to cases under title 11 are referred to the United States Bankruptcy Court for the Eastern District of Texas for consideration and resolution. Although the District Court has not designated this Court to hear jury trials, the District Court has held that a bankruptcy court may exercise its authority over a proceeding in which a party is entitled to a jury trial until the case is "trial ready." *See Hayes v. Royala, Inc.*, 180 B.R. 476 (E.D. Tex 1995) (stating "this Court will not grant a motion to withdraw until it is readily apparent that Plaintiff's case will require a trial by jury."); *In re Smith Indus. Cleaning, Inc.*, 2003 WL 1848275 (E.D. Tex. 2003) (same).

### III. THE MOTION TO DISMISS

The Defendants bring the instant dismissal motion pursuant to Rule 12(b)(6) and Rule 9(b) of the Federal Rules of Civil Procedure.[1] *See* FED. R. BANKR. P. 7009 and 7012. In their motion, the Defendants challenge the sufficiency of the Plaintiff's adversary complaint. At the hearing on the motion, the Defendants additionally argued that the Plaintiff lacks standing to bring a civil RICO action.[2]

### A. Standing

Standing is "the threshold question in every federal case, determining the power of the court to entertain the suit." *Warth v. Seldin,* 422 U.S. 490, 498 (1975). Whether a party has standing to bring an action is a preliminary matter to be decided on the basis of

---

[1] In their post-hearing brief, the Defendants also argue that the Plaintiff's civil RICO claim should be dismissed for failure to join a necessary party – specifically, Kazaid Dadyburjor. The Defendants cite Rule 19(a) in their post-hearing brief. The Defendants, however, did not include the failure to join a party as a defense to this action or move to dismiss this adversary proceeding based on Rule 12(b)(7). *See Wright, Miller & Kane*, 7 FED. PRAC. & PROC. CIVIL 3D ¶ 1609 (discussing how to raise the defense of failure to join a person needed for just adjudication).

[2] At the hearing and in their post-hearing brief, the Defendants also argued that the Plaintiff lacks standing to assert the claims set forth in the complaint, because the claims are barred, in whole or in part, by the applicable statute of limitations, the doctrine of *in pari delecto*, laches, equitable estoppel and judicial estoppel. These are affirmative defenses – not challenges to standing. Moreover, these affirmative defenses rely upon facts outside the adversary complaint (*e.g.*, facts relating the prior bankruptcy of a non-Defendant, Kazaid Dadyburjuor, and the dates of specific transfers to the Defendants).

3

the pleadings filed in that particular case. *Yoder Bros., Inc. v. California-Florida Plant Corp.,* 537 F.2d 1347 (5th Cir. 1976). When standing is challenged on the basis of the pleadings, the Court must accept as true all material allegations and construe them in favor of the party whose standing is challenged. *Pennell v. City of San Jose,* 485 U.S. 1 (1988).

Standing, at its "irreducible constitutional minimum," requires plaintiffs "to demonstrate: they have suffered an 'injury in fact'; the injury is 'fairly traceable' to the defendant's actions; and the injury will 'likely ... be redressed by a favorable decision.'" *Public Citizen, Inc. v. Bomer,* 274 F.3d 212, 217 (5th Cir. 2001) (quoting *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61 (1992)). "[A]n injury in fact [is] an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan,* 504 U.S. at 560.

The Supreme Court discussed a receiver's authority in a case factually similar to the instant case. *See McCandless v. Furlaud,* 296 U.S. 140 (1935). In *McCandless,* a promoter of a corporation used the corporate entity to perpetrate securities fraud on the public. The Supreme Court addressed whether a receiver which had been appointed for that corporation could sue the directors and promoters of the corporation. The Supreme Court noted that the receiver in that case, like the Chapter 7 trustee in the instant proceeding, did not purport to bring the investors' causes of action but was bringing a cause of action directly on behalf of the corporation. The Supreme Court stated:

> As we have striven to make clear, the receiver does not claim to have succeeded to the rights of bondholders or noteholders to recover damages for deceit. *The wrong that is here redressed is the unlawful depletion of the assets whereby the company was made insolvent and the creditors were defrauded of their lawful rights and remedies.*

4

*McCandless,* 296 U.S. at 167. *See also Nesselson v. Lernout,* 469 F.3d 143 (1st Cir. 2006) (bankruptcy trustee had standing to bring racketeering claims but acted in the debtor's place for purpose of *in pari delecto* defense); *Official Committee of Unsecured Creditors of PSA, Inc. v. Edwards*, 437 F.3d 1145 (11th Cir. 2006) (trustee of debtor-corporation had standing to bring RICO claims by was barred by doctrine of *in pari delecto* from recovering on those claims); *Barnett v. Stern,* 909 F2d 973 (7th Cir. 1990) (creditors and bankruptcy trustee brought civil RICO claims against debtor and debtor's son); *Meyers v. Moody,* 693 F.2d 1196 (5th Cir. 1982) (receiver has standing to sue on behalf of corporation's shareholders, policyholders or creditors, therefore the defendant's challenges to standing are without merit); *In re E.F. Hutton Southwest Properties II, Ltd.*, 103 B.R. 808 (Bankr. N.D. Tex. 1989) (holding that RICO claims against general partner for injury to debtor partnership were "property of the estate" which committee would be authorized to prosecute).

In this case, the Plaintiff trustee is not seeking to recover damages for injuries to the Debtor's creditors. The Plaintiff is asserting claims for injuries allegedly inflicted upon the Debtor by the Defendants. The Court, therefore, concludes that the Plaintiff has standing to bring a civil RICO action against the Defendants for injuries to the Debtor.

### B. The Plaintiff's Civil RICO Claim

The Court now turns to the Defendants' argument that the Plaintiff's racketeering claim is insufficient under Rule 9(b) and Rule 12(b)(6). To state a civil RICO claim under 18 U.S.C. § 1962,[3] a plaintiff must allege "1) a *person* who engages in 2) a *pattern*

---

[3] Section 1962 of Title 18 provides in pertinent part:

(c) It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly

5

*of racketeering activity,* 3) connected to the acquisition, establishment, conduct, or control of an *enterprise."* *In re Burzynski,* 989 F.2d 733, 741 (5th Cir. 1993) (internal quotations and citation omitted). To establish a "pattern of racketeering activity" a plaintiff must show "at least two predicate acts of racketeering that are related and amount to or pose a threat of continued criminal activity." *Tel-Phonic Services, Inc. v. TBS Int'l, Inc.,* 975 F.2d 1134, 1139-40 (5th Cir. 1992). The plaintiff must plead the elements of the criminal offenses that comprise the predicate acts. *See Elliott v. Foufas,* 867 F.2d 877, 880 (5th Cir. 1989).

In this case, the Plaintiff alleges that the Defendants engaged in an "association in fact" enterprise. *See* 18 U.S.C. § 1961(4) (defining "enterprise" as "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity"). Their shared common purpose, according to page 21 of the Plaintiff's complaint, was "denuding the Debtor of its cash and net worth at the expense of its creditors and to the unjust benefit of the members of the enterprise." The Plaintiff alleges that the Defendants' racketeering activity was their repeated violation of 18 U.S.C. §152(7),[4] which provides:

---

> or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.
>
> (d) It shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section.

*See also United States v. Robertson,* 514 U.S. 669, 671-72 (1995) (holding that an enterprise that produces, distributes, or acquires goods or services in interstate commerce is engaged in interstate commerce); *R.A.G.S. Couture, Inc. v. Hyatt,* 774 F.2d 1350, 1353 (5th Cir. 1985) ("The nexus with interstate commerce required by RICO is 'minimal.' ").

[4] In their post-hearing brief, the Defendants confuse 18 U.S.C. §152(7) with 18 U.S.C. §157. While bankruptcy fraud under 18 U.C.C. 157 cannot form a predicate act under RICO, a claim of bankruptcy fraud under 18 U.S.C. §152 can. *See Cadle Company v. Flanagan*, 271 F.Supp.2d 378, 385 (D. Conn. 2003).

> A person who … in a personal capacity or as an agent or officer of any person or corporation, in contemplation of a case under title 11 by or against the person or any other person or corporation, or with intent to defeat the provisions of title 11, knowingly and fraudulently transfers or conceals any of his property or the property of such other person or corporation … shall be fined under this title, imprisoned not more than 5 years, or both.

Allegations of bankruptcy fraud, like all allegations of fraudulent predicate acts, are subject to the heightened pleading requirements of Rule 9(b).[5] *See, e.g., First Capital Asset Management, Inc. v. Satinwood, Inc.,* 385 F.3d 159, 178 (2nd Cir. 2004). In this case, however, the Plaintiff's complaint does not plead fraud with sufficient particularity. The Plaintiff's allegations of fraud are general and do not raise an inference that the Defendants were contemplating the Debtor's bankruptcy at the time of the alleged fraudulent acts. The Court, therefore, concludes that the Plaintiff has failed to allege fraud and conspiracy to defraud with sufficient particularity to satisfy 18 U.S.C. §152(7) or escape Rule 9(b)'s pleading standard for those offenses.

### B. The Plaintiff's Other Claims

Finally, the Court addresses the Defendants' motion to dismiss the remainder of the Plaintiff's claims pursuant to Rule 12(b)(6). Rule 12(b)(6) motions to dismiss are disfavored. The motion should not be granted "unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999). "The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded

---

[5] This Circuit's precedent interprets Rule 9(b) strictly, requiring the plaintiff to "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams v. WMX Techs., Inc.,* 112 F.3d 175, 177 (5th Cir.1997); *Nathenson v. Zonagen, Inc.,* 267 F.3d 400, 412 (5th Cir. 2001).

in the complaint must be taken as true." *Lowrey v. Tex. A & M Univ. Sys.,* 117 F.3d 242, 247 (5th Cir. 1997)

"Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). The Supreme Court recently expounded upon the *Twombly* standard, explaining that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* -- U.S. --, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Twombly,* 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Rule 8(a)(2)).

In this case, the complaint raises more than a "sheer possibility" of the Defendants' liability. The Plaintiffs factual allegations, if accepted as true, state a plausible claim for relief. The Court recognizes that the Defendants have raised significant affirmative defenses. At this stage in the proceeding, however, the Court finds and concludes that the Plaintiff's non-RICO claims are sufficient to survive the Defendants' Rule 12(b)(6) challenge.

## IV. CONCLUSION

In his response to the Defendants' motion, the Plaintiff requests leave to amend his complaint in the event the Court determines that the motion should be granted. The Federal Rules of Civil Procedure provide that leave to amend the complaint shall be

freely given as "justice so requires." FED. R. CIV. P. 15(a). As such, Plaintiff is granted leave to amend his complaint and bring it into compliance with Rule 9(b).

**IT IS THEREFORE ORDERED** that the Plaintiff shall have ten (10) days from the date of this Memorandum Opinion and Order to file an amended adversary complaint.

Signed on 01/11/2010

*Brenda T. Rhoades* MD
HONORABLE BRENDA T. RHOADES,
UNITED STATES BANKRUPTCY JUDGE