

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| SIGMA SYSTEMS, INC., | § | Case No. 07-42092 |
| JACALYN MOSEMAN, | § | (Chapter 7) |
| | § | |
| Debtor. | § | |
| | § | |
| | § | |
| CHRISTOPHER J. MOSER, TRUSTEE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Adv. Proc. No. 09-4126 |
| | § | |
| AYESHA DADYBURJOR, ET AL., | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM OPINION AND ORDER
### REGARDING DEFENDANTS' MOTION TO DISMISS

This matter is before the Court on the amended motion of Ayesha Dadyburjor, Rusi Dadyburjor, and Noazer Aga to dismiss the claims against them pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6). The plaintiff opposes the defendants' motion. The Court conducted a hearing on April 15, 2010 and, at the conclusion of the hearing, scheduled the motion for ruling today.

Several other defendants – specifically, Ashish Khullar, Sigma East, Inc., Sigma Surveillance, Inc. and O.M. Khullar – filed a similar motion to dismiss on November 6, 2009. A review of the prior motion to dismiss reveals that the legal arguments are substantially similar to those presented in the present motion.[1]

---

[1] In addition, another defendant, Hessein Zamanian, filed a motion to dismiss on November 2, 2009. This defendant was represented by different counsel and raised different issues than those presented by the present defendants. The Court entered an order on January 19, 2010, granting his motion, in part, and

1

In a Memorandum Opinion and Order entered on January 11, 2010, the Court denied the prior motion to dismiss the plaintiff's non-RICO claims pursuant to Rule 12(b)(6). With respect to the defendant's civil RICO claim, the Court provided the plaintiff with an opportunity to amend his complaint to bring the complaint into compliance with Rule 9(b). The plaintiff filed his amended complaint on January 21, 2010. On February 23, 2010, the defendants filed the instant motion to dismiss.

## LEGAL ANALYSIS

As the Court explained in its January 11th Memorandum Opinion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). The Supreme Court recently expounded upon the *Twombly* standard, explaining that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* -- U.S. --, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Twombly,* 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Rule 8(a)(2)).

In this case, the complaint raises more than a "sheer possibility" of the defendants' liability. The plaintiff's factual allegations, if accepted as true, state plausible claims for relief as to the non-RICO causes of action. The Court recognizes

---

allowing the plaintiff to amend his complaint. The amended complaint contains several new paragraphs (¶¶ 29 -31) that detail Zamanian's knowledge of and participation in the alleged "bleedout" scheme.

that the defendants have raised significant affirmative defenses and that both parties would like to introduce evidence in support of their respective positions.  At this stage in the proceeding, however, the Court finds and concludes that the plaintiff's non-RICO claims are sufficient to survive the defendants' Rule 12(b)(6) challenge.

With respect to the plaintiff's civil RICO claim, the plaintiff alleges that the defendants' racketeering activity was their repeated violation of 18 U.S.C. § 152(7).  This provision states:

> A person who … in a personal capacity or as an agent or officer of any person or corporation, **in contemplation of a case under title 11** by or against the person or any other person or corporation, **or with intent to defeat the provisions of title 11**, knowingly and fraudulently transfers or conceals any of his property or the property of such other person or corporation … shall be fined under this title, imprisoned not more than 5 years, or both.

(Emphasis added.)

In the amended complaint, the plaintiff seeks to shore up the factual allegations in support of his civil RICO claim by alleging (on pages 11 and 12) that certain transfers were fraudulent transfers.  The plaintiff also alleges (on page 9) that the transfers were made with actual intent to defraud the debtor's creditors.  The plaintiff argues (on pages 18-20) that "in circumstances like exist [sic] in this case, those defendants who have followed a course of conduct that inevitably leads to bankruptcy are fairly presumed to have perpetrated a fraudulent scheme" within the meaning of 18 U.S.C. § 152(7).  The plaintiff further argues that "the satisfaction of a majority of the 'badges of fraud test' coupled with the near certainty of an ultimate bankruptcy filing by the corporation satisfy FRCP 9(c)."

If the Court were to accept the plaintiff's arguments, then any fraudulent transfer that arguably led to bankruptcy would support a civil RICO action. Fraudulent transfers, as a general rule, leave a debtor (and the debtor's creditors) worse off than if the transfer had not occurred. The cases cited by the plaintiff do not merely look to whether fraudulent transfers occurred, but to whether the alleged fraudulent conduct shows that the defendant was contemplating bankruptcy at the time of the conduct occurred. For example, a debtor who has deliberately transferred assets a year and a day prior to filing a petition has clearly engaged in a thinly-veiled attempt to avoid the preference rule. *See, e.g., United States v. Dandy,* 998 F.2d 1344, 1348 (6th Cir. 1993).

Here, however, the alleged facts do not lead to any reasonable inference of bankruptcy planning by the defendants. It is clear from a review of the cases cited by the defendant, including *United States v. Tashjian,* 660 F.2d 829, 841 (1st Cir. 1981) and *United States v. Ciampaglia,* 628 F.2d 632, 636, 643 (1st Cir. 1980), that the conduct of the bankruptcy debtors in those cases is plainly distinguishable from the alleged fraudulent acts of these defendants from 2004-2007. Like the transfers in *First Capital Asset Management, Inc. v. Satinwood, Inc.,* 385 F.3d 159, 179 (2nd Cir. 2004), the transfers in this case occurred years before the debtor filed for bankruptcy and before the provisions of the Code would motivate the debtor or the defendants to conceal the debtor's assets.

The debtor in this case is a corporation, and corporations do not receive a discharge in bankruptcy. *See* 11 U.S.C. § 727(a), 1141(d)(6). The defendants' scheme according to the plaintiff, was to "bleed out" the debtor-corporation – not to evade the provisions of the Bankruptcy Code. In sum, the Amended Complaint, read as a whole,

4

fails to provide support for a strong inference that the defendants intended to defeat the provisions of the Bankruptcy Code.

## CONCLUSION

For the foregoing reasons, the Court concludes that the defendants' motion should be, and hereby is, **GRANTED** as to the plaintiff's civil RICO claim and **DENIED** as to the balance of the plaintiff's claims.

Signed on 05/10/2010

*Brenda T. Rhoades*    SD

HONORABLE BRENDA T. RHOADES,
UNITED STATES BANKRUPTCY JUDGE